UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID R. CAMM, JANICE RENN and )<br>FRANK RENN, as Personal Representative )<br>of the Estate of Kimberly S. Camm, )<br>ESTATE OF KIMBERLY S. CAMM, )<br>ESTATE OF BRADLEY R. CAMM, )<br>ESTATE OF JILL C. CAMM, )<br>)<br>Defendants. )<br>_____)<br>)<br>JANICE RENN and FRANK RENN, as )<br>Personal Representative of the Estate of )<br>Kimberly S. Camm, )<br>)<br>Cross-Claimants, )<br>)<br>v. )<br>)<br>DAVID R. CAMM, )<br>)<br>Cross-Defendant. ) | CASE NO. 4:02-cv-0106-DFH-WGH |

ENTRY ON MOTION TO STAY EXECUTION OF JUDGMENT

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, defendant David Camm has moved to stay pending appeal any execution of the August 6, 2007 judgment directing that the insurance proceeds now held by the court in this interpleader action be distributed to cross-claimant Janice Renn. See *Life*

*Ins. Co. of North America v. Camm*, 2007 WL 2316480 (S.D. Ind. Aug. 6, 2007) (granting summary judgment to Renn). The court temporarily stayed execution while the parties briefed the motion.

In most cases involving money judgments, a losing party may ordinarily obtain a stay of execution by posting a supersedeas bond to protect the interests of the prevailing party. See Fed. R. Civ. P. 62(d). In this case, the funds in dispute have been deposited with the court in an interest-bearing account. They will continue to earn interest during an appeal.

In support of a stay, David Camm argues that he is innocent of the murders of his wife and children and that he will prevail on appeal of his convictions. He argues that the court should continue to preserve the status quo pending appeal because, if the money is distributed to Janice Renn and he later prevails on appeal, he is unlikely to be able to recover the money from her. In response, Mrs. Renn asserts that she has been entitled to the money for more than six years and that every day that passes denies her the right to use or invest the money as she sees fit.

In deciding whether to stay an injunction pending appeal, the court must consider: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the

other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

In an interpleader case, the court has the disputed funds already in its possession so that all parties are protected from the risk that another party will dissipate them or put them beyond the reach of the court and other parties. Stays pending appeal therefore do not appear to be unusual in such cases. See, *e.g.*, *Prudential Ins. Co. of America v. Kamrath*, 2006 WL 3498397 (E.D. Mo. Dec. 4, 2006) (granting stay pending appeal in interpleader action over insurance proceeds, despite weak showing of likelihood of success on merits); *Florida Land Title Co. v. Martinez,* 1996 WL 73386 (S.D. Fla. 1996) (granting stay pending appeal in interpleader action where moving party had not made strong showing of likelihood of success on merits).

If Camm's murder convictions are affirmed on appeal, the court is confident that his appeal of this court's decision is unlikely to succeed. But if his appeal is successful, the foundation for this court's decision would disappear. This court is not in a position to predict the outcome of that appeal. Even where an appeal seems unlikely to succeed, a stay pending appeal may be prudent if the other factors weigh in favor of a stay. *Prudential Insurance v. Kamrath*, 2006 WL 3498397 at *2; *Florida Land Title v. Martinez*, 1996 WL 73386 at *2.

If Camm prevails on appeal of his criminal convictions and on the merits of this court's decision, he is likely to suffer irreparable harm in the absence of a stay. Mrs. Renn asserts the right to use or invest the funds now as she sees fit. There is no indication that she would be in a position to remedy the harm to Camm if the insurance proceeds are distributed to her and it is later determined that Camm is entitled to them. Also, Mrs. Renn has not made a strong showing that a stay would harm her. Distribution of the funds would be delayed, but the funds are safe and earning interest. She has not pointed to any emergency need for those funds. Finally, the public interest appears to be essentially neutral here, or perhaps weighs slightly in favor of a stay. To the extent the public interest refers to the interests of persons not before the court, there is no indication that such persons would be affected by a stay or denial of stay. To the extent that an erroneous distribution of the money that is not corrected might tend to undermine confidence in courts, the public interest points in the direction of making sure that the courts decide the case correctly.

In his reply brief in support of a stay, David Camm argues that even if the slayer's rule ultimately applies to bar his recovery, the sequence of the victims' deaths should require that Bradley Camm's half-sister Whitney Camm inherit the money in question here. The reply brief in support of a stay of final judgment is the first time David Camm has argued for such a result. That is too late. There is no indication in this record that Whitney Camm or anyone acting on her behalf has argued for a right to some of these insurance proceeds.

For the reasons stated above, the court GRANTS defendant David Camm's motion to stay execution of the judgment pending appeal, without requiring any additional security from him.

So ordered.

Date:  August 30, 2007

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Bernadette Dawn Latuch
bernie@nicksteinlaw.com

Renee J. Mortimer
HINSHAW & CULBERTSON
rmortimer@hinshawlaw.com

David E. Mosley
MOSLEY, BERTRAND, JACOBS and MCCALL
dmosley@aye.net

Daniel Keenan Ryan
HINSHAW & CULBERTSON
dryan@hinshawlaw.com

Nicholas F. Stein
nick@nicksteinlaw.com